UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Richard R. Wescott

    v.                        Civil No. 16-cv-306-LM

Michael Zenk, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before the court is Richard Wescott's petition for a writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before the court for preliminary review. See Rule 4, Rules Governing Section 2254 Cases ("§2254 Rules"); LR 4.3(d)(2).

Wescott has also filed a "Motion to Compel Handling of Documents" (Doc. No. 2), seeking access to the files of his trial attorneys, which is before the court for a ruling. Additionally, Wescott's "Motion for Injunctive Relief" (Doc. No. 3), seeking an order directing the New Hampshire State Prison not to transfer Wescott out of its Concord prison facility, has been referred to this magistrate judge for proposed findings of fact and a recommendation as to disposition.

## Standard of Review

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a facially valid claim to relief that is cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994).  When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

This is the fourth § 2254 petition Wescott has filed in this court since 2009 seeking relief from his 1998 conviction and sentence, imposed pursuant to a negotiated plea agreement, on multiple counts of aggravated felonious sexual assault. Wescott's first habeas petition in this court, Wescott v. Gerry, No. 09-cv-334-JD ("Wescott I"), challenging Wescott's 2008 denial of parole, was denied on the merits.  See Wescott I, Nov. 24, 2009 Order (ECF No. 6) (approving Nov. 4, 2009 R. & R. (ECF No. 4)).  Wescott's second habeas petition in this court, Wescott v. Gerry, No. 10-cv-598-PB ("Wescott II"), challenging the state's authority to incarcerate Wescott under state law, was denied as a successive petition, pursuant to 28 U.S.C. § 2244, as Wescott filed that petition in this court without

having first obtained the First Circuit's permission to do so, as required by § 2244(b)(3)(A).  See Wescott II, Apr. 25, 2011 Order (ECF No. 8) (approving Apr. 6, 2011 R. & R. (ECF No. 6)).  Wescott's third habeas petition in this court, Wescott v. Gerry, No. 14-cv-56-SM ("Wescott III"), asserting claims challenging the authority of the state to incarcerate him under state law (that had not been previously raised in this court), was also denied as a successive petition pursuant to 28 U.S.C. § 2244, as Wescott filed that petition in this court without having first obtained the First Circuit's permission to do so, as required by § 2244(b)(3)(A).  See Wescott III, Apr. 22, 2014 Order (ECF No. 7).

In this action, Wescott brings his fourth § 2254 petition in this court, challenging his conviction and sentence on grounds that his trial counsel failed to provide him with the effective assistance of counsel, in violation of Wescott's Sixth Amendment right to the effective assistance of counsel, First Amendment right to meaningful access to the courts, and Fourteenth Amendment due process and equal protection rights.  Wescott states that the claims asserted in the instant petition have not been asserted in any of his previous petitions in this court.  Wescott further asserts that he discovered the claims in this petition after a 2014 disclosure to Wescott of new evidence not previously available to him.

3

**Discussion**

As was the case in Wescott's 2010 and 2014 habeas actions in this court, this court has no jurisdiction to hear this case, as Wescott's petition is successive, and he has not obtained the First Circuit's permission to file this matter here, as required by § 2244(b)(3)(A). Wescott must seek such permission even if the petition raises factual or legal grounds for relief not previously raised before this court. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007). Wescott's assertion that the claims in this action are based on newly discovered evidence does not excuse this case from the requirement that, before bringing this action here, that Wescott seek authorization to do so from the First Circuit.[1] A habeas petition filed in the district court

---

[1] Under 28 U.S.C. § 2244(b)(2), the First Circuit may determine that this court may consider a claim asserted in a successive petition, if

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

without the requisite authorization from the appellate court should be dismissed.  See Magwood v. Patterson, 561 U.S. 320, 331 (2010).

Accordingly, the district judge should dismiss the petition, as this court lacks jurisdiction to consider it in the absence of authorization from the First Circuit.  The dismissal should be entered without prejudice to Wescott's ability to seek such authorization from the First Circuit.  For the same reason, Wescott's motions (Doc. Nos. 2, 3) should also be denied, without prejudice to Wescott's ability to renew them if the First Circuit authorizes Wescott to litigate his habeas claims in this court.

## Conclusion

For the foregoing reasons, the district judge should dismiss Wescott's habeas petition (Doc. No. 1) and deny his motions (Doc. Nos. 2, 3) without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Failure to

---

    reasonable factfinder would have found the applicant
    guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); see also Burton v. Stewart, 549 U.S. 147, 153 (2007)

5

file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                                        _____
                                                       Andrea K. Johnstone
                                                       United States Magistrate Judge

December 28, 2016

cc: Richard R. Wescott, pro se